# UNITED STATES DISTRICT COURT
for the

Eastern District of Wisconsin

| | |
|---|---|
| United States of America<br>v.<br>Stephen S. Lewis<br>DOB: xx/xx/1983<br><br>*Defendant(s)* | Case No. 17-930 M (NJ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 3, 2017__ in the county of __Milwaukee__ in the __Eastern__ District of __Wisconsin__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C., Sections 846, 841 (a)(1) and 841(b)(1)(A) | Conspiracy to possess with intent to distribute cocaine |
| Title 18, U.S.C., Section 924(c) | Possession of firearm during and in relation to a drug trafficking offense |
| Title 18, U.S.C., Sections 922(g)(1) and 924(a)(2) | Felon in possession of a firearm |

This criminal complaint is based on these facts:

Please see attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Mark J. Gorenc, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 6, 2017

_____
*Judge's signature*

City and state: Milwaukee, Wisconsin

Honorable Nancy Joseph, Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANTS

I, Mark J. Gorenc, being first duly sworn, hereby depose and state as follows:

## I. BACKGROUND

1. I am a Special Agent with the Drug Enforcement Administration ("DEA"). I have been so employed since September 1996. Prior to my employment with DEA, I was employed as a police officer with the Franklin, Wisconsin Police Department for approximately six months. Prior to that, I was a deputy sheriff with the Milwaukee County Sheriff's Department for approximately two years.

2. As part of my duties as a DEA Special Agent, I investigate criminal violations relating to narcotics trafficking offenses, including criminal violations of the Federal Controlled Substance laws, including, but not limited to Title 18, United States Code, Sections 1956, and 1957, and Title 21, United States Code, Sections 841, 843, 846, 848, 952 and 963. I have been involved with various electronic surveillance methods, the debriefing of defendants, informants, and witnesses, as well as others who have knowledge of the distribution, transportation, storage, and importation of controlled substances.

3. I have received training in the area of narcotics investigations, money laundering, financial investigations, and various methods which drug dealers use in an effort to conceal and launder the proceeds of their illicit drug trafficking enterprises. I have participated in numerous investigations involving violations of narcotics laws.

1

4. I have participated in investigations that have led to the issuance of search warrants involving violations of narcotic laws. These warrants involved the search of locations including: residences of targets, their associates and relatives, "stash houses" (houses used as drug/money storage locations), storage facilities, bank safe deposit boxes, cellular/camera phones, and computers. Evidence searched for and recovered in these locations has included controlled substances, records pertaining to the expenditures and profits realized from narcotics trafficking, monetary instruments and various assets that were purchased with the proceeds of the drug trafficking.

5. This affidavit is based upon my personal knowledge and upon information reported to me by other federal and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

6. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

7. Because this affidavit is submitted for the limited purpose of securing a complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only facts that I believe are sufficient to establish probable cause.

2

## II. PROBABLE CAUSE

8. On February 28, 2017, Special Agents from the Wisconsin Department of Justice, Division of Criminal Investigation (DCI), conducted an interview of a confidential source (CS-1). During the interview, CS-1 explained that s/he has been in contact with Theresa Lewis. Through a phone conversation, Theresa Lewis told CS-1 that she was making trips to Texas to pick up cocaine shipments with "Lil Steve" and "Lil Mike." CS-1 explained that "Lil Steve" is Theresa Lewis' cousin. CS-1 was subsequently shown a photograph of Stephen Lewis, with no identifying information, and CS-1 positively identified Stephen Lewis as the individual who CS-1 knew as "Lil Steve." CS-1 stated that Stephen Lewis had purchased cocaine from CS-1 in the past. CS-1 stated that s/he typically sold Stephen Lewis nine (9) ounces of cocaine at a time and up to ½ kilogram of cocaine. CS-1 stated that the smallest amount of cocaine Stephen Lewis purchased from him/her was four (4) ounces and the largest amount was ½ kilogram of cocaine. CS-1 stated that Theresa Lewis' telephone number was 414-949-9152.

9. CS-1 further explained that during the course of their drug distribution history, CS-1 referred to the cocaine source location in Texas as "home away from home" during conversations with Theresa Lewis. In recorded phone conversations, Theresa Lewis told CS-1 that she (Theresa Lewis) was going to their "home away from home" with "Lil Steve" (Stephen Lewis) and was being paid $1,200 to make the trips approximately once a month.

10. For several reasons, case agents believe CS-1 to be reliable and credible. First, CS-1 has been providing information since February 2017. Second, the information

3

CS-1 has provided is substantially against CS-1's penal interest. Third, the information provided by CS-1 is consistent with evidence obtained elsewhere in this investigation and portions of CS-1's information have been corroborated through phone records and independent law enforcement investigation. CS-1 is currently incarcerated on a state conviction for possession with intent to distribute cocaine and has prior drug and resisting arrest convictions. CS-1 is cooperating in the hopes of having the sentence s/he is currently serving reduced.

11. On April 27, 2017, case agents met with members of the Milwaukee FBI Task Force who indicated that the FBI has an open drug investigation with links to Stephen Lewis. Task Force Officers (TFOs) also stated that Stephen Lewis was suspected of being one of the "runners" for the large-scale heroin and cocaine distribution network.

12. On May 3, 2017, FBI TFOs met with a confidential source (CS-2) who stated that approximately three months ago, s/he was present when another cocaine customer of Stephen Lewis purchased cocaine from Stephen Lewis. CS-2 stated on the first occasion, when CS-2 was present, the cocaine customer purchased 2.25 ounces of cocaine from Stephen Lewis and on the second occasion, when CS-2 was present, the cocaine customer purchased 4.5 ounces of cocaine from Stephen Lewis.

13. For several reasons, case agents believe CS-2 to be reliable and credible. First, CS-2 has been providing information on this investigation and other investigations since December 2016. Second, the information CS-2 has provided is substantially against CS-2's penal interest. Third, the information provided by CS-2 is consistent with evidence obtained elsewhere in this investigation and portions of CS-2's information has been

4

corroborated through phone records and independent law enforcement investigation. CS-2 is cooperating with law enforcement in exchange for benefits on drug trafficking, fleeing, and felon in possession of a firearm charges. CS-2 has a prior Wisconsin state conviction for possession of narcotic drugs in 2013.

14. On May 8, 2017, case agents received information from CS-1 who explained that during a call with Theresa Lewis on May 3, 2017, Theresa Lewis stated that she was getting ready to "make a trip" over the weekend. Theresa Lewis told CS-1 that immediately upon returning from "the trip" she would drop it (believed to be drugs) off at Stephen Lewis' aka "Lil Steve's" house and get paid by him. On July 10, 2017, CS-1 sent a correspondence to case agents advising that CS-1 spoke to Theresa Lewis while she was in Texas picking up cocaine on July 8, 2017.

15. On July 20, 2017, case agents obtained a federal search warrant for location information for the cellular telephone with telephone number 414-949-9152. Subpoenaed telephone records reveal that telephone number 414-949-9152 is subscribed to Theresa Lewis at 2126 N. 23rd Street in Milwaukee, WI 53205. On August 11, 2017, the location information for Theresa Lewis' cellular telephone revealed that she was leaving Milwaukee, Wisconsin and traveling south. On August 12, 2017, Theresa Lewis' cellular telephone arrived in the Houston, Texas area. On August 13, 2017, Theresa Lewis' cellular telephone departed from the Houston, Texas area headed north traveling back to Wisconsin. Theresa Lewis' cellular telephone returned to Wisconsin on August 14, 2017. Case agents were unable to identify the vehicle used by Theresa Lewis during this trip; however, the location information for Lewis' cellular telephone revealed that on August

5

14, 2017, immediately after her cellular telephone returned from Houston, Texas area it traveled to the area of 5272 North 45th Street, Milwaukee, a residence associated with Demetra Hinkle, who was identified as Stephen Lewis' girlfriend.

16. The location information for Theresa Lewis' cellular telephone revealed that it departed the Milwaukee, WI area on September 1, 2017 heading southbound out of state and case agents believed that Theresa Lewis was again heading to the Houston, Texas area to obtain a cocaine shipment. Case agents monitored the location information of Theresa Lewis' cellular telephone and while the phone was traveling northbound from the Houston, Texas area and determined that it stopped in Livingston, Texas at a gas station. Case agents obtained information from the Livingston, Texas police department officers that Theresa Lewis was in the company of several black males and that two vehicles possibly associated with Theresa Lewis were a silver Volkswagen hatchback and a white Hyundai. At approximately 1:45 p.m. on September 3, 2017, case agents observed a white Hyundai and a silver Volkswagen hatchback crossing the border into Wisconsin and the silver Volkswagen hatchback was ultimately stopped in I-94 under the North Avenue overpass. Theresa Lewis was seated in the back seat of the vehicle. Case agents were unable to locate the white Hyundai.

17. That afternoon, case agents were also conducting surveillance at the residence of 5272 North 45th Street and prior to the traffic stop, case agents indicated that no vehicles were parked in front of or at the rear of 5272 North 45th Street that were known to be associated with the residence or that were rental vehicles. When the traffic stop was conducted, case agents responded to the location of the traffic stop for a short

6

Case 2:17-cr-00191-PP   Filed 10/06/17   Page 7 of 12   Document 1

period of time to assist and then returned to 5272 North 45th Street to resume surveillance. Upon their return to 5272 North 45th Street after the traffic stop, case agents observed a white Hyundai bearing Illinois registration plates of Y875396, which was determined to be a rental from Hertz Rentals, which was parked at the rear of the residence located at 5272 North 45th Street.

18. After conducting the traffic stop of the silver Volkswagen hatchback in which Theresa Lewis was a passenger, case agents conducting surveillance at Stephen Lewis' residence, 5272 North 45th Street, Milwaukee, observed Stephen Lewis exit the back door of the residence and enter the rental vehicle, a white, 4-door Hyundai Sonata, bearing IL license plate Y875396. Case agents observed Stephen Lewis reposition the vehicle, and he then exited the vehicle and returned to the residence briefly, and then returned to the vehicle and drove southbound from the alley. A MPD marked squad car drove past Stephen Lewis traveling northbound on North 44th Street and the officer and Stephen Lewis made eye contact. The MPD officer noticed that Stephen Lewis was not wearing his seat belt and then attempted to initiate a traffic stop. The marked MPD squad then activated his lights and siren. At the same time, case agents operating an unmarked vehicle stopped in the intersection in front of the white Hyundai Sonata, being driven by Stephen Lewis and activated their emergency lights. The case agents in the unmarked squad also positively identified the driver of the Hyundai as Stephen Lewis. Stephen Lewis then reversed the vehicle and accelerated at a high rate of speed, driving over the cement median at the intersection of North 44th Street and West Villard Avenue and continuing eastbound. Stephen Lewis disregarded the lights at two separate intersections

7

and at the intersection of West Villard Avenue and North Teutonia Avenue; Lewis again disregarded a red light and collided with another vehicle, a red Kia Forte. Lewis then struck a light pole at the southeast corner of the intersection. The red Kia Forte was damaged from the collision; however, the driver of the Kia did not seek medical treatment on scene.

19. Case agents arrested Stephen Lewis and a search incident to his arrest revealed a grey flip phone, which was broken in half. Additionally, a K9 officer alerted on Lewis' vehicle, the white Hyundai Sonata, and case agents conducted a search of the vehicle and located a corner cut of suspected cocaine underneath the brake pedal, which was field tested and tested positive for cocaine base. The corner cut of cocaine base weighed .2 grams.

20. After Stephen Lewis was taken into custody, the residence was secured and case agents applied for and obtained a search warrant for the residence located at 5272 N. 45th Street, Milwaukee, WI. Case agents recovered the following firearms during the search of the residence: (1) a H&K SP89, 9 mm, semi-automatic assault-pistol, loaded with a double stacked magazine, bearing serial number 21-26303, was located in the living room closet, on the top shelf; (2) a Cobray Mac-11, 9 mm, semi-automatic assault-pistol, which was loaded, bearing serial number 85-0001458, was also located in the living room closet, on the floor; (3) a Glock 30, .45 caliber, semi-automatic handgun, which was loaded, with an extended magazine, bearing serial number SXR031, was located in the northwest bedroom underneath the mattress; and (4) a Hi-Point JHP, 9 mm, semi-automatic handgun, which was not loaded, bearing serial number X-4113753, was located

in the northwest bedroom underneath the mattress.

21. Also inside the residence case agents located a large quantity of suspected crack cocaine. Hanging in the living room closet, and thus, located in close proximity to the above-described H&K SP89 9 mm and the loaded Cobray Mac-11 9 mm semi-automatic assault pistol, was a man's gray puffy jacket, which contained five sandwich bags containing crack cocaine. In the right front pocket of the man's gray puffy jacket case agents recovered two (2) plastic bags that contained large pieces of suspected crack cocaine, weighing individually 109.7 grams and 102.5 grams for a total of 212.2 grams. The left pocket of the man's gray puffy jacket contained three (3) plastic bags that contained suspected crack weighing 105.6 grams, 106.8 grams, and 108.5 grams for a total weight of 320.9 grams. One of the bags of suspected crack cocaine was field tested and tested positive for the presence of cocaine base, in the form of crack cocaine.

22. In the northwest bedroom of the residence, where the above-described loaded Glock 30, .45 caliber, semi-automatic handgun with an extended magazine, and an unloaded Hi-Point JHP, 9 mm, semi-automatic handgun were recovered, case agents also recovered a significant amount of pre-packaged crack-cocaine. A large cardboard box in the closet marked with a marker identifying "Steve's Stuff" contained one hundred (100) tied off clear sandwich bags that each contained approximately 150 corner cut bags of crack cocaine. Case agents determined that the "Steve's Stuff" box containing the corner cuts of crack cocaine contained approximately 1,500 grams of crack cocaine in total, including packaging.

23. Numerous forms of identification were located belonging to Stephen Lewis

9

throughout the residence, including mail, checks, his diploma, and hundreds of items of high-value men's clothing. Specifically, in the northwest bedroom where the above-described firearms and crack cocaine, including the "Steve's Stuff" box, numerous personal identifiers for Stephen Lewis were recovered, including 3 credit cards, a MATC diploma and mail and in the living room closet, where the above-described firearms and grey jacket containing approximately 533.1 grams of crack cocaine were recovered, miscellaneous documents and paperwork for Stephen Lewis were also recovered.

24. In total, approximately 2.5 kilograms of crack cocaine, 346.2 grams of high-grade marijuana, digital scales, drug packaging and processing materials, and approximately $252,224 in U.S. currency, in various denominations and stored in drawers, garbage bags, backpacks, boxes and purses, were recovered from the residence.

25. Review of court records reveals that Stephen Lewis has a prior felony conviction for Possession of Cocaine Second or Subsequent offense in Milwaukee County Case Number 2008-CF-3261.

26. Case agents determined that the H&K SP89, 9 mm, semi-automatic assault-pistol bearing serial number 21-26303, the Cobray Mac-11, 9 mm, semi-automatic assault-pistol bearing serial number 85-0001458, the Glock 30, .45 caliber, semi-automatic handgun bearing serial number SXR031, and the Hi-Point JHP, 9 mm, semi-automatic handgun bearing serial number X-4113753 were not manufactured in the State of Wisconsin and therefore, traveled in interstate commerce prior to Stephen Lewis' possession of them on September 3, 2017.

## III. CONCLUSION

27. Based on the foregoing, I submit that there is probable cause to believe that on or about September 3, 2017, in the State and Eastern District of Wisconsin, Stephen S. Lewis committed the crimes of conspiracy to possess with intent to distribute cocaine base, in the form of crack cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A); possession of a firearm during and in relation to a drug trafficking offense, that is, the conspiracy to possess with the intent to distribute cocaine base, in the form of crack cocaine, all in violation of Title 18, United States Code, Section 924(c); and Felon in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2); and that Theresa Lewis committed the crime of conspiracy to possess with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).